IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MR. MELVIN HARRIS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 06-1683 |
| | ) | Judge Arthur J. Schwab/ |
| MR. R.F. YOUNG, Correctional Officer, | ) | Magistrate Judge Amy Reynolds Hay |
| in his Official Capacity, et al., | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

I.   Recommendation

It is respectfully recommended that the above-captioned case be dismissed for failure to prosecute.

II.   Report

The plaintiff, Mr. Melvin Harris, has presented a civil rights complaint against Mr. R.F. Young alleging that "defendants" violated his rights by giving him an overdose of medication while at Sharon Hospital, where he was taken from prison on October 25, 2006, due to a seizure disorder. Upon his return to prison, plaintiff alleges that he realized that his personal property was missing from his cell, that defendant falsely alleged that he had threatened staff and that defendant consequently cuffed plaintiff and placed him in the Restricted Housing Unit. Plaintiff also contends that defendant placed him in a cell while he was "under the influence of medication," where he had more seizures due to "lack of medication," causing him to injured himself.

On May 16, 2007, defendant filed a motion to dismiss and on May 17, 2007, this

Court issued an order directing plaintiff to file a response to the motion on or before June 17, 2007.  No response was forthcoming and on July 3, 2007, the Court issued an order to show cause, returnable on July 13, 2007, why the case should not be dismissed for failure to respond to the motion to dismiss or otherwise comply with the Court's earlier order.  To date, plaintiff has failed to respond or given any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court.  <u>Mindek v. Rigatti</u>, 964 F.2d 1369 (3d Cir. 1992).  In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors.  These factors, as set forth in <u>Poulis v. State Farm Fire and Casualty Company</u>, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this Court's Orders which weigh heavily against him.  Plaintiff's failure to respond to the motion to dismiss and subsequent failure to respond to the order to show cause was not only solely his personal responsibility but his failure to do so even seven weeks later appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this Court's Orders -- other than the expense of filing a motion seeking dismissal of the case, there appears to be no specific prejudice to defendant other than general delay.  Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff, although it appears that defendant may have meritorious defenses.  Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted."  Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal.  Since the plaintiff was permitted to proceed with this action in forma pauperis, it does not appear that monetary sanctions are appropriate.  Moreover, because he has failed to respond to defendant's motion to dismiss and the Court's order to show cause, it appears that the plaintiff has no serious interest in pursuing this case.  Therefore, dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice.  Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

Within ten (10) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

        Respectfully submitted,

        /S/ AMY REYNOLDS HAY
        AMY REYNOLDS HAY
        United States Magistrate Judge

Dated: July 30, 2007

cc: Melvin Harris
5918 Trinity Street
Philadelphia, PA 19142

Robert A. Willig
Senior Deputy Attorney General
Office of Attorney General
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219